IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Fiammette Garcia, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 16 C 9148 |
| Client Services, Inc., a Missouri corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Fiammette Garcia, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Fiammette Garcia ("Garcia"), is a citizen of the State of Texas, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed for a Macy's credit card, despite the fact that she had exercised her rights, pursuant to the FDCPA, to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Client Services, Inc. ("Client Services"), is a Missouri corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Client Services operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Client Services was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

5. Defendant Client Services is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached at Exhibit A. In fact, Defendant conducts business in Illinois.

6. Defendant Client Services is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Department of Professional Regulation, attached at Exhibit B. In fact, Defendant acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Ms. Garcia is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a Macy's credit card. When Client Services began trying to collect this debt from Ms. Garcia, by sending her a collection letter, dated August 3, 2016, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program regarding Client Services' collection actions. A copy of this letter is attached at Exhibit C.

8. On August 11, 2016, one of Ms. Garcia's attorneys at LASPD informed

Client Services, in writing, that Ms. Garcia was represented by counsel, and directed Client Services to cease contacting her, and to cease all further collection activities because Ms. Garcia was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and the fax confirmation and are attached at Exhibit D.

9. Nonetheless, Defendant Client Services called Ms. Garcia directly, including, but not limited to telephone calls on August 22, 2016 and August 23, 2016, from telephone number 913-971-0327 demanding payment of the Macy's debt.

10. Accordingly, on August 29, 2016 one of Ms. Garcia's LASPD attorneys had to write to Defendant Client Services to demand, yet again, that it cease communications and cease collection of the debt. Copies of this letter and the fax confirmation are attached at Exhibit E.

11. Defendant's violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that she had the right to refuse to pay this debt and to demand the collection communications cease, Defendant's continued collection communications made Plaintiff believe that her demand had been futile and that she did not have the rights Congress had granted her under the FDCPA.

12. Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Here, Defendant's actions caused Plaintiff to question whether she was still represented by counsel as to this debt, which caused stress and confusion as to whether she was required to pay the debt at issue.

13. Defendant Client Services' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendant Client Services' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17. Here, the letter from Ms. Garcia's agent/attorney, LASPD, told Defendant Client Services to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment, Defendant Client Services violated § 1692c(c) of the FDCPA.

18. Defendant Client Services' violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from

communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

21. Defendant Client Services knew that Ms. Garcia was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit D), that she was represented by counsel, and had directed Defendant Client Services to cease directly communicating with her.  By directly calling Ms. Garcia, despite being advised that she was represented by counsel, Defendant Client Services violated § 1692c(a)(2) of the FDCPA.

22. Defendant Client Services' violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Fiammette Garcia, prays that this Court:

1. Find that Defendant Client Services' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Garcia, and against Defendant Client Services, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Fiammette Garcia, demands trial by jury.

Fiammette Garcia,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: September 22, 2016

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com